# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRY HAUSEN,<br><br>    Plaintiff,<br><br>v.<br><br>IWS, INC., *et al.*,<br><br>    Defendants. | Case No. 2013 CV 6051 |

## PLAINTIFFS' CORRECTED MOTION FOR ENTRY OF JUDGMENT

Plaintiff Jerry Hausen and Opt-In Plaintiff Anthony Navarra, pursuant to Rule 68 of the Federal Rules of Civil Procedure seek the entry of Judgment in their favor and against Defendants IWS, Inc., Peter Fichtel, and Scott Fichtel, jointly and severally, in the amount of $35,000 plus an award of costs and attorney fees in the amount of $59,227.69 through July 31, 2014.

## I.
## The Lawsuit

1.  This is an action under the Fair Labor Standards Act, the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA") for failure to pay overtime wages for time that employees worked in excess of forty (40) hours in individual work weeks. On August 26, 2013, Hausen, on behalf of himself and similarly situated persons, filed his Complaint [Doc. 1].

2. On February 25, 2014, this Court approved the form of notice that was issued to similarly situated persons pursuant to the FLSA [Doc. 25] and, on April 7, 2014, Navarra "opted-in" to the action as a plaintiff [Doc. 34].

## II.
## The Rule 68 Offer and Acceptance

3. On July 11, 2014, Defendants made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. A copy of the Offer of Judgment is Exhibit A [Doc. 54-1].

4. On July 23, 2014, Hausen and Navarra filed their Acceptance of Offer of Judgment with the Court. [Doc. 51] Because the Offer of Judgment failed to make any provision regarding costs or attorney fees, Plaintiffs noted in their Acceptance that they would seek an award of attorney fees as prevailing parties by way of motion to the Court.

5. Under Rule 68, when a defendant serves a written notice to have judgment entered against it "on specified terms, with the costs then accrued," the plaintiff then has 14 days to accept the defendant's terms. Once the offer of judgment is accepted, the clerk is required to enter judgment on its terms. The instant case presents the issue of what happens when the defendant fails to make provision for "the costs then accrued" as required by Rule 68. The Seventh Circuit clearly and definitively addressed this issue in Sanchez v. Prudential Pizza, 709 F.3d 689 (7th Cir. 2013), holding that when an accepted offer of judgment is silent

as to costs and attorney fees, a plaintiff is entitled to recover costs and attorney fees if otherwise available to a prevailing party.

      6.      In <u>Sanchez</u>, the defendant offered under Rule 68 to have judgment entered against it "in the amount of $30,000 including all of Plaintiff's claims for relief." After the Plaintiff accepted the offer of judgment, she requested an award of costs and attorney fees as the prevailing party. The district court found that the offer of judgment unambiguously included costs and fees and denied her request. The Seventh Circuit reversed and remanded for an award of attorney fees and costs reasoning that while:

> [c]osts are usually a relatively minor aspect of most federal litigation,…when the costs in question include attorney fees, as in this case, Rule 68 takes on much greater significance, often exceeding the damages a successful plaintiff might recover. A plaintiff who rejects a Rule 68 offer but later wins a judgment in such a case may lose her entitlement to a substantial portion of otherwise awardable attorney fees and costs if she does not win more than the rejected Rule 68 offer.

709 F.3d at 692. The court further noted and reaffirmed its previous holdings that a defendant bears the burden of any ambiguity or silence in the offer as to attorney fees. 709 F.3d at 692.

      7.      The defendant in <u>Sanchez</u> argued that by referring to plaintiff's "claims for relief", the offer of judgment was not ambiguous or silent as to attorney fees. The Seventh Circuit rejected this argument for two reasons.

8. First, the offer failed to specify or mention accrued costs, and thus was unclear as to what was included in the offer. This ambiguity "put[] the plaintiff in a very difficult situation and would allow the offering defendant to exploit the ambiguity in a way that has the flavor of 'heads I win, tails you lose.'" Sanchez, 709 F.3d at 693-694. In the case of the offer at issue in Sanchez, the ambiguity of the offer created the risk that a rejected offer could later be found to have excluded attorney fees and costs, while the same offer, if accepted, could be interpreted as having included all attorney fees and costs.

9. Second, the Court of Appeals after reviewing the definition of "claims" under Rule 8(a)(2), determined that "attorney's fees are not part of a plaintiff's claim." Thus, an offer purporting to satisfy "all claims" did not include fees. Sanchez, 709 F.3d at 693.

### III.
### The Holding In Sanchez Compels An
### Award Of Costs And Attorney Fees Here

10. Defendant's Offer of Judgment here offered a "total sum of $35,000.00 to your clients for resolution of any and all claims available to them in the instant matter." The reference to "any and all claims" is no different than the reference to "all claims", in Sanchez, which the Seventh Circuit held did not include costs and attorney fees.

11. Because prevailing plaintiffs are entitled to recover their attorney fees and costs under each of the federal and state laws upon which the Complaint was brought, Plaintiffs here are entitled to recover their attorney fees and costs.

| Fair Labor Standards Act, 29 U.S.C. § 216(b) | The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. |
|---|---|
| Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a) | In a civil action, such employee [who is not timely paid wages, final compensation, or wage supplements by his or her employer] shall also recover costs and all reasonable attorney's fees. |
| Illinois Minimum Wage Law, 820 ILCS 105/12(a) | If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court[.] |

## IV.
## This Court Should Overrule Defendants' Objection To Plaintiffs' Acceptance Of Offer Of Judgment

12. Defendants have filed their Objection to Plaintiffs' Acceptance of Offer of Judgment. [Doc. 52]. While the Objection does not request any specific relief with respect to the accepted Offer of Judgment, it appears that Defendants want this Court to disregard it and to allow the litigation to proceed.

13. In the Objection, Defendants contend that their counsel met with them and they discussed making an offer of $35,000 to settle the litigation, which they calculated as being an offer of $5,000 for Plaintiff Hausen, $10,000 for Opt-in

Plaintiff Navarra, and $20,000 for Plaintiffs' costs and attorney fees. According to Defendants this is consistent with their position that the total amount that they owe to Hausen is less than $5,000 and the total amount owed to Navarra is less than $10,000. [Doc. 52 at 2]

14. Defendants' counsel, Joshua Rosenzweig, then spoke with William Nagel, counsel for Plaintiffs, by telephone. In that conversation, Rosenzweig states that he asked whether an offer of $35,000 would resolve the entire lawsuit. Rosenweig contends that he told Nagel that the offer would be for $5,000 to Hausen, $10,000 to Navarra, and $20,000 for costs and attorney fees. According to Rosenzweig, Nagel said that such an offer would "allow the parties to 'continue the conversation' regarding settlement" and Rosenzweig told Nagel that a "'more formal' offer would be made at a later date."

15. Rosenzweig did not, however, send a settlement offer to Plaintiffs after this telephone conversation. (Nagel Declaration ¶ 10 (Exhibit B) [Doc. 54-2]) Rosenzweig instead sent the Rule 68 Offer of Judgment to Plaintiffs on July 11, 2014. (Nagel Decl. ¶ 11)

16. Contrary to Defendants' contentions, William Nagel denies that Rosenzweig broke down the basis for the $35,000 in any respect. (Nagel Decl. ¶ 9.) Moreover, contrary to Defendants' concession that they have liability to each Plaintiff but of an amount less than a total of $15,000, the records produced to date demonstrate that the minimum amount owed to Plaintiffs is in excess of $20,000.

6

(Nagel Decl. ¶ 13(a).) Plaintiffs believe that they could prove significantly more in damages at an eventual trial. (Nagel Decl. ¶ 13(b).)

17. Based on the foregoing contentions regarding Plaintiffs' damages and the communications between counsel, Defendants make three arguments in their Objection: (i) allowing the Plaintiffs to recover costs and attorney fees in addition to a $35,000 judgment would sanction the improper use of Rule 68 which was designed to resolve cases on just and mutually-agreeable terms; (ii) the Offer of Judgment was not ambiguous; and (iii) Rule 68 does not require any specific language.

18. None of these arguments have any merit.

19. First, settlements resolve cases on mutually agreeable terms and they result from settlement negotiations. As the Seventh Circuit painstakingly pointed out in Sanchez, Rule 68 Offers of Judgment are not settlement negotiations:

> Offers of judgment under Rule 68 are different from contract offers. When a contract offer is made, the offeree can reject it without legal (as distinct from economic) consequences. Plaintiffs who receive Rule 68 offers, however, are "at their peril whether they accept or reject a Rule 68 offer."

709 F.3d at 692.

20. In any event, there is no injustice here. If this Court were to disregard the accepted Offer of Judgment here, the case would continue and attorney fees would continue to accrue on both sides with an eventual judgment for Plaintiffs. Defendants concede that a judgment for some amount (which will necessarily lead

to pre-judgment interest continuing to accrue at the statutory penalty rate) will be entered for Plaintiffs. Defendants also risk class certification and the potential for higher damages than they have offered to pay Hausen and Navarra. There can be little doubt that ultimately, a continuation of this litigation will cost the Defendants more in their own attorney fees, damages, and Plaintiffs' attorney fees than the accepted Offer of Judgment will cost them.

21. Defendants' second argument that the Offer of Judgment was not ambiguous, which relies on a 1994 district court decision, is foreclosed by the Seventh Circuit's decision in <u>Sanchez</u>. Tellingly, Plaintiff makes no attempt to explain why <u>Sanchez</u> does not apply here.

22. Defendants' third argument—that Rule 68 requires no specific language and that defendants are at risk of creating an ambiguity in an offer of judgment no matter what language they use—completely misses the point here. <u>Sanchez</u> is the result of a long line of cases that stand for the proposition that the defendant controls the Rule 68 Offer of Judgment, and thus the burden is on the defendant to avoid ambiguity however it arises:

> Whether the ambiguity is accidental or strategic, Rule 68 must be interpreted to prevent … strategic use of ambiguity by construing an ambiguous offer against the offering defendant's interests….

<u>Sanchez</u>, 709 F.3d at 694.

23. This Court should thus overrule Defendants' Objection.

# V.
## Plaintiffs Are Entitled To An Award Of Costs and Attorney Fees Through July 31, 2014 In The Amount of $59,227.69

24. As is more fully set forth in the accompanying Declaration of Charles A. Valente (Exhibit C) [Doc. 54-3], Plaintiffs have reasonably incurred $57,659 in attorney fees broken down as follows:

|    | Category of Work | Total Fees |
|----|------------------|-----------:|
| A. | Preliminary Fact Investigation & Preparation Of The Complaint | $4,642.50 |
| B. | Conducting and Responding to Discovery | $8,709.00 |
| C. | Assessing and Developing Merits of the Case | $1,363.50 |
| D. | Issuing Notice to Similarly Situated Persons Pursuant to the FLSA | $1,893.50 |
| E. | Analyzing Time Records | $5,946.00 |
| F. | Responding to IWS's Motion for Leave to File Affirmative Defenses and Counterclaim | $6,234.50 |
| G. | Preparing Motion for Class Certification of IMWL & IWPCA Claims | $2,921.00 |
| H. | Responding to IWS's Motion Leave To Communicate With Putative Class Members | $2,016.00 |
| I. | Motion to Compel Discovery From Defendant | $2,324.00 |
| J. | Attendance at Status Hearings | $1,301.50 |
| K. | Telephone Conferences with Defendants | $ 399.00 |
| L. | Consideration and Acceptance of Rule 68 Offer of Judgment | $10,915.00 |
| M. | Preparation of Motion to Enter Judgment (which includes a response to Defendants' Objection to Acceptance of Offer of Judgment as well as a detailed attorney fee request) | $8,993.50 |
|    | **TOTAL FEES TO DATE:** | **$57,659.00** |

25. Plaintiffs have also incurred costs in the amount of $1,568.69 from inception through today's date. See Valente Decl. at 19, ¶ 30.

26. Notably, the attorney fees incurred herein were higher then they needed to be as a result of Defendants' litigation tactics. See Valente Decl. at 19 ¶ 31.

27. Because Plaintiffs anticipate that Defendants will continue to dispute this matter, they reserve the right to seek a supplemental award of attorney fees and costs incurred.

**WHEREFORE**, Plaintiffs request the entry of Judgment in their favor in the amount of $35,000 on the Complaint, and an award of costs and attorney fees in the total amount of $59,227.69 through July 31, 2014.

**Dated:** August 1, 2014  JERRY HAUSEN AND ANTHONY NAVARRA

BY:/s/ *Charles A. Valente*
   Charles A. Valente
   Heather Kuhn O'Toole
   William D. Nagel
   Krasnow Saunders Kaplan & Beninati, LLP
   500 N. Dearborn St., 2nd Floor
   Chicago, IL 60654
   (312) 755-5700

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

     I hereby certify that I caused a copy of the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all counsel of record by email.

                                                           /s/ Charles A. Valente