that'sUNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY HAUSEN, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 13-cv-6051 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| IWS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Jerry Hausen ("Hausen") brought a putative class action complaint against

defendants IWS, Inc. ("IWS"), Scott Fichtel, and Peter Fichtel (collectively, "Defendants"), on

August 26, 2013. Hausen alleges that Defendants failed to pay overtime wages and other wages

owed to Hausen and other employees of IWS in violation of the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*.

("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*.

("IWPCA"). Hausen and opt-in plaintiff Anthony Navarra ("Navarra") (collectively,

"Plaintiffs") accepted an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68.

[Acceptance of Defs.' Offer of J., ECF No. 51.] Presently before the court is Plaintiffs' petition

for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). For the reasons stated below, the

motion is granted in part and denied in part.

## I.    BACKGROUND

Plaintiff Jerry Hausen ("Hausen") brought a putative class action complaint against

defendants IWS, Inc. ("IWS"), Scott Fichtel, and Peter Fichtel (collectively, "Defendants"), on

August 26, 2013. Hausen alleges that Defendants failed to pay overtime wages and other wages owed to Hausen and other employees of IWS in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. Defendants answered the complaint on October 8, 2013, denying Hausen's material allegations.

Thereafter, the case proceeded to discovery and developed on several fronts. Hausen obtained leave to issue a "Notice of Collective Action" pursuant to 29 U.S.C. 216(b) of the FLSA on February 25, 2014, and disseminated the notice to current and former IWS employees. Anthony M. Navarra received the notice and submitted a "Notice of Consent to Become a Party Plaintiff" through Hausen's counsel on April 7, 2014. On May 15, 2014, Hausen moved to certify his Illinois wage law claims pursuant to Federal Rule of Civil Procedure 23. Defendants moved for leave to communicate with putative class members in June 2014. The court denied this motion after affording Defendants an opportunity to argue it.

On July 11, 2014, Defendants' attorney mailed a "Rule 68 – Offer of Judgment" to Plaintiffs' counsel. The Offer of Judgment was a one-page letter consisting of four paragraphs. Defendants offered a "total sum" of $35,000 to Hausen and Navarra. Plaintiffs filed a Notice of Acceptance to the Offer of Judgment on July 23, 2014. Plaintiffs stated in their notice that Defendants' offer "does not provide for the payment of costs and attorney's fees, which are payable to a prevailing party under the federal and state laws pursuant to which this case arises." (ECF No. 51 ¶ 2.) Plaintiffs then declared that they intended to move to recover their costs and attorneys' fees by separate motion.

Defendants objected to Plaintiffs' Notice of Acceptance on July 28, 2014. Defendants asserted that their offer included attorneys' fees and costs, contrary to Plaintiffs' interpretation of

the offer.   In response, Plaintiffs submitted a Motion for Entry of Judgment, which they superseded with their Corrected Motion for Entry of Judgment.  Plaintiffs' corrected motion sought the entry of judgment in their favor in the amount of $35,000, plus an award of costs and attorneys' fees.   Plaintiffs' counsel attached billing records through July 31, 2014 to support Plaintiffs' fee request.

The court ruled in favor of Plaintiffs and entered judgment in the amount of $35,000. [2/19/15 Order, ECF No. 85.]  The court also found that Plaintiffs were entitled to attorneys' fees.  [*Id.*]  However, the court declined to award fees before the parties complied with Local Rule ("LR") 54.3.  The parties engaged in a LR 54.3 conference and came to an agreement regarding some, but not all, of Plaintiffs' requested fees.  Plaintiffs then filed the instant petition for attorneys' fees.

## II.      LEGAL STANDARD

The FLSA provides that, in addition to any judgment awarded, plaintiffs may recover reasonable attorneys' fees.  29 U.S.C. § 216(b); *see also Batt v. Microwarehouse, Inc.*, 241 F.3d 891, 893 (7th Cir. 2001).  The IMWL also provides for attorneys' fees to the prevailing party. 820 Ill. Comp. Stat. 105/12(a).

The district court has considerable discretion in determining the appropriate amount of a fee award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999).  To calculate an appropriate fee award, courts must start with the "lodestar" amount, determined by "multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation.  *Small*, 264 F.3d at 707; *see also Hensley*, 461 U.S. at 433.  The fee applicant has the burden to demonstrate to the court that his or her attorneys' hourly rates and time expenditures are reasonable.  *Hensley*, 461 U.S. at 437.  "In

3

determining the reasonable number of hours, [a] court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley*, 461 U.S. at 434) *quoted in DeBartolo v. Health and Welfare Dept. of Const. and General Laborers' Dist. Council of Chicago and Vicinity*, No. 09 C 39, 2012 WL 205906, at *1 (N.D. Ill. Jan. 24, 2012).

A court "may adjust the fee upward or downward, depending on a variety of factors," *DeBartolo*, 2012 WL 205906, at *1, including the time and labor required, the novelty and difficulty of the issues, the legal skill required, reputation of the attorneys, and awards in similar cases. *See Hensley*, 461 U.S. at 430 n.3. When making reductions, a court cannot simply "eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996) (citations and internal quotes omitted). Rather, it must provide a "concise but clear explanation of its reasons" for any reduction. *Uphoff v. Elegant Bath. Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999).

## III.    DISCUSSION

Here, Defendants do not contest Plaintiffs' hourly rates, and therefore the court is primarily concerned with the amount of time that Plaintiffs claim they spent on each billable task to determine the reasonableness of the hours reported. Plaintiffs maintain that the fees sought are reasonable and fully compensable; Defendants argue that the hours spent on the matter are, in many cases, excessive, redundant, and ambiguous in nature. "In determining the reasonable number of hours, [a] court should exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" *Small*, 264 F.3d at 708 (quoting *Hensley*, 461 U.S. at 434). Further, "when a fee petition is vague or inadequately documented, a district court may either strike the problematic

4

entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *see also Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 651, 657-58 (7th Cir. 1985).

As an initial matter, the court rejects Defendants' argument that the fees sought by Plaintiffs are excessive solely because they exceed the Offer of Judgment accepted by Hausen and Navarra. The court notes that Congress included the nondiscretionary fee-shifting provision into the FLSA in order to entice competent attorneys to prosecute what are often low-dollar wage claims. *See* 29 U.S.C. § 216(b); *Anderson v. AB Painting & Sandblasting Inc.*, 579 F.3d 542, 545 (7th Cir. 2009) (noting "Congress wants even small violations of certain laws to be checked through private litigation"). As a result, attorneys' fees in wage claims often exceed the amount in controversy. *Id.* (Fee-shifting would not discourage violations of the law if attorney's fee were capped or measured by the amount in controversy. (citing *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992))). In situation like this (*i.e.*, where Plaintiffs have requested fees that well exceed the amount at issue), it is the court's duty to engage in "increased reflection" on the parties' motions before awarding attorneys' fees. *Id.* at 546; *SKF USA Inc. v. Bjerkness*, 2011 WL 4501395, at *3 (N.D. Ill. Sept. 27, 2011). It is through this "cautionary lens" that the court approaches Plaintiffs' petition. *Kurgan v. Chiro One Wellness Centers, LLC*, No. 10 C 189, 2015 WL 185059, at *2 (N.D. Ill. April 21, 2015).

The fees sought by Plaintiffs, as calculated by the court, total $75,144 and are broken down into 14 separate categories. The categories and corresponding fees are as follows:

A. Preliminary Fact Investigation & Preparation of the Complaint      $4,232

B. Conducting and Responding to Discovery      $8,149

| | | |
|---|---|---:|
| C. | Assessing and Developing Merits of Case | $1,363.50 |
| D. | Issuing Notice to Similarly Situated Persons Pursuant to FLSA | $1,529.50 |
| E. | Analyzing Time Records | $5,946 |
| F. | Responding to IWS's Motion for Leave to File Affirmative Defenses and Counterclaim | $5,898.50 |
| G. | Preparing Motion for Class Certification of IMWL & IWPCA Claims | $2,921 |
| H. | Responding to IWS's Motion [sic] Leave to Communicate With Putative Class Members | $2,016 |
| I. | Motion to Compel Discovery From Defendant | $2,240 |
| J. | Attendance at Status Hearings | $1,301.50 |
| K. | Telephone Conferences with Defendants | $399 |
| L. | Consideration and Acceptance of Rule 68 Offer of Judgment | $10,915 |
| M. | Preparation of Motion to Enter and Response to Defendants' Objection to Acceptance of Offer of Judgment | $8,993.50 |
| N. | Briefing on the Motion for Entry of Judgment, Plaintiffs' Motion For Instructions following Defendants' refusal to participate in a LR 54.3 conference, preparation of affidavits in support of fee petition, participation in LR 54.3 conference | $19,234.50 |
| | **Total** | **$75,144** |

Plaintiffs' $75,144 fee request is comprised of approximately[1] 258.3 hours of work done by four separate attorneys, a law clerk, and a paralegal. Despite their differences, the parties have agreed to some of the fees listed above. Defendants have agreed to $28,019.25 in attorneys' fees for 88.1 hours of work completed by four attorneys. Defendants have not agreed to pay for work

---

[1] The Joint Local Rule 54.3 Statement lists 258.3 total hours of work performed by counsel for Plaintiffs. [Joint 54.3 Statement, ECF No. 95.] However, the court's calculation of hours of work performed by counsel for Plaintiffs is greater than 260.3 hours. [Declaration of Charles Valente in Support of Fee Petition, pp. 5-23, ECF No. 97.] The difference between the two figures is nominal (the difference is less than 1% of the court's figure) so the court will adopt Plaintiffs' calculation of hours.

done by Plaintiffs' law clerk or paralegal.  More specifically, the parties are in agreement as to categories D, J, and K.

Defendants argue that Plaintiffs' counsel failed to use proper billing judgment and spent too much time on a case that is "straightforward."  Specifically, Defendants argue that Plaintiffs' counsel's billing records reveal an improper attorney staffing model; inefficient case management; and several redundancies.  Both parties break down their objections to and support of the hours and fees requested according to their respective category.  The court has reviewed Plaintiffs' 20 pages of billing records and shares many, but not all, of the concerns raised by Defendants.  The number of hours requested by Plaintiffs for some of the work performed is not reasonable or is not reasonably described and shall be reduced as outlined below.

### A.  Preliminary Fact Investigation & Preparation of the Complaint

Plaintiffs are seeking $4,232 for work related to the investigation of Plaintiffs' claims and for drafting and filing the complaint.  Defendants argue that some of the fees sought by Plaintiffs are unreasonable because of the straightforward nature of the case.  Defendants also argue that some of the billing entries in Category A are redundant.  *Brogato v. Proviso Tp. Mental Health Com'n*, No. 04 C 7493, 2008 WL 904776, at *1 (N.D. Ill. Mar. 31, 2008) ("Plaintiff's attorneys are attorneys are required to exercise billing judgment, which means they must 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary.'" (citing *Spegon*, 175 F.3d at 552.)).  After reviewing the billing entries for the work associated with Category A, the court agrees with Defendants that the claims made by Plaintiffs are relatively straightforward and therefore did not require two experienced attorneys to spend a combined 8-10 hours[2] to draft a three-count, 9-page complaint.  This is especially true given the sophistication of the attorneys

---

[2] The actual amount of time that it took to draft the complaint is unclear as Plaintiffs often engaged in "block billing," *i.e.* combining a number of activities into one time entry.

based on the affidavits filed by Plaintiffs. [Declaration of Charles Valente, ECF No. 97.]; *see also Brogato*, 2008 WL 904776, at *3 ("Given their level of expertise (and a higher billing rate) the work performed should result in efficiency."). Therefore, the court finds that Plaintiffs' submission for hours expended in Category A, as they pertain to drafting the complaint, is excessive. As a result, the court reduces Plaintiffs' attorneys' fee request by 10% and finds that Plaintiffs are entitled to $3,808 for hours billed in Category A. *Brogato*, 2008 WL 904776, at *4 (attorneys' fees reduced by 25% as a result of excessive billing).

**B. Conducting and Responding to Discovery**

Plaintiffs seek $8,149 for time spent conducting and responding to discovery. Defendants have agreed to charges totaling $7,291.50, which equals just over 89% of the total fees sought for this category of work by Plaintiffs' counsel. Defendants once again object to the hours billed by Plaintiffs as redundant. However, Defendants fail to point out to the court which of the entries are redundant. As a result, the court cannot determine which hours Defendants deem to be duplicative or excessive. The challenger to a fee petition "must detail his objections to the fee petition such that the court can determine what portion of the fees, if any, were not reasonably expended." *Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F.Supp.3d 723, 742 (N.D. Ill. 2015) (quoting *RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010). Because Defendants have not explained how the disputed time entries are duplicative or excessive, the court declines to subtract this cost from the fee petition. Therefore, the court awards Plaintiffs $8,149.

**C. Assessing and Developing the Merits of the Case**

Defendants have agreed to $1,087.70 of the $1,363.50 in fees sought by Plaintiffs for the time and effort spent in assessing and developing the merits of the case. Defendants object to the charges for duplicative office conferences and "unnecessary charges" for an attorney's review of

8

court orders. "[T]he need for three attorneys to review a status entry by this Court is not reasonable billing for which Defendants should be taxed." [Defs. Resp. to Plaintiffs' Fee Petition, p. 6, ECF No. 99.] The court agrees. Not only are a number of entries in this category duplicative, but they are also vague. One entry reads, "[c]onference with H. O'Toole regarding next steps." [Dec. of Charles A. Valente, p. 8, ECF No. 97.] When a fee petition is "vague or inadequately documented, a district court may either strike the problematic entries…or reduce by a reasonable percentage." *Harper*, 223 F.3d at 604. Accordingly, the court strikes the entries highlighted by Defendants in their response to Plaintiffs' petition for attorneys' fees and awards $1,087.70.

**D. Issuing Notice Sent to Similarly Situated Persons Pursuant to FLSA**

The parties have reached an agreement whereby Plaintiffs will be awarded $1,529.50 for work performed under Category D. The court sees no reason to disagree.

**E. Analyzing Time Records**

Defendants have agreed to $2,481.50 of the $5,946 sought by Plaintiffs for the analysis of the time records of Hausen and Navarra. Defendants state, and Plaintiffs do not rebut, that a total of 648 pages of documents were produced pertaining to Plaintiffs' work records. Despite the relatively low number of documents produced (as least as far as time records are concerned in FLSA cases), Plaintiffs spent a little over 24 hours to review the records. In addition to the large amount of time spent reviewing the records, Plaintiffs' description of the completed tasks leaves much to be desired. Seven of the time entries contain nothing more than a description reading "extracting relevant data from Defendant's document production and Plaintiff's records." [Dec. of Charles A. Valente, pp. 9-10, ECF No. 97.] Plaintiffs give no hints as to what the "relevant" data might consist of or what the Plaintiffs planned to do had they extracted this information.

9

The excessiveness, redundancy, and vagueness of the entries support a reduction in Plaintiffs' fees. *Brown v. Patelco Credit Union*, No. 09 C 5393, 2011 WL 4375865, at *2 (N.D. Ill. Sept. 20, 2011). Therefore, Plaintiffs' fees will be reduced by 35% for a total of $3,864.90. *Entertainment Software Ass'n v. Blagojevich*, No. 05 C 4265, 2006 WL 3694851, at *9 (N.D. Ill. Aug. 9, 2006) ("[w]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage").

**F.  Responding to IWS's Motion for Leave to File Affirmative Defenses and Counterclaim**

In February 2014, Defendants sought leave to amend their answer to Plaintiffs' complaint to raise affirmative defenses and counterclaims.  [Mot. for Leave, ECF No. 26.]  In response to Defendants' motion  for leave, Plaintiffs sent a "Safe Harbor" letter indicating that sanctions would be pursued if Defendants' motion was not withdrawn.  Defendants withdrew the motion and did not file their affirmative defenses and counterclaims.  For their efforts, Plaintiffs seek $5,898.50 for approximately 20 hours of work performed related to Defendants' motion for leave.  Defendants object to this figure because they withdrew their motion for leave before Plaintiffs filed their motion for sanctions.  Therefore, Defendants argue, Plaintiffs' efforts in researching and drafting the motion were superfluous since they achieved their goal through their Safe Harbor letter.  The court disagrees.  Plaintiffs, through their research, achieved the best possible goal: prompting Defendants to acquiesce with their request without the need for filing a motion.  Therefore, the court awards Plaintiffs $5,898.50.

**G.  Preparing Motion for Class Certification of IMWL & IWPCA Claims**

Plaintiffs seek $2,921 for approximately 10 hours of work done to prepare and file a motion to certify a class.  Defendants' only objection is that most of the fees "represent

redundant efforts by multiple attorneys that were, and are, unnecessary." [Defs. Resp. to Plaintiffs' Fee Petition, p. 8, ECF No. 99.] Without more information from Defendants pertaining to the nature of their objection, the court declines to adjust the fees sought by Plaintiffs. *Valerio*, 82 F.Supp.3d at 742.

### H. Responding to IWS's Motion for Leave to Communicate with Putative Class Members

Defendants sought leave from the court to communicate with the putative class members in hopes of obtaining their signatures on a proposed "Election not to Joint Lawsuit," which was denied without prejudice without the need for briefing by the parties. [6/13/14 Order, ECF No. 40.] Although Plaintiffs did not file a response to Defendants' motion, they expended almost 7 hours researching the issues laid out in Defendants' motion, preparing for court appearance, and actually attending a hearing on the matter. [Dec. of Charles A. Valente, pp. 13-14, ECF No. 97.] For their efforts, Plaintiffs are seeking $2,016 in fees. Defendants' argue that the fees sought by Plaintiffs are unreasonable because Plaintiffs never filed a response to the motion for leave to communicate with the putative class members. However, Plaintiffs are not seeking fees for time spent drafting a response. Without a separate basis for objecting to Plaintiffs' fees, the court sees no reason to reduce the fees sought by Plaintiffs.

### I. Motion to Compel Discovery

On June 18, 2014, Plaintiffs filed a motion to compel the production of documents pertaining to other employees' overtime pay. [Mot. to Compel, ECF No. 43.] Magistrate Judge Cox granted the motion in part and denied it in part. [6/25/14 Order, ECF No. 49.] Defendants object to Plaintiffs' request for $2,240 in fees for 8 hours of work on the motion, which includes research on the matter and the drafting of the motion itself, on the basis that Plaintiffs were only partially successful. As noted earlier, when a party is unsuccessful on a motion, the court, in its

discretion, may decide against awarding fees for hours billed for that motion. *Johnson*, 2014 WL 463676 at *6. However, given the fact that Plaintiffs were partially successful in their motion, and the fact that the hours sought are not unreasonable, the court declines to reduce the fees sought by Plaintiffs.

## J.  Attendance at Status Hearings

The parties have reached an agreement whereby Plaintiffs would be awarded $1,301.50 for work performed under Category J. The court sees no reason to disagree.

## K.  Telephone Conferences with Defendants

The parties have reached an agreement whereby Plaintiffs would be awarded $399 for work performed under Category K. The court sees no reason to disagree.

## L.  Consideration and Acceptance of Rule 68 Offer of Judgment

Plaintiffs are seeking $10,915 for almost 48 hours of work to "consider" and "accept" Defendants' one-page, four-paragraph Offer of Judgment. Unsurprisingly, Defendants object to this amount by arguing that the fees sought are excessive, unnecessary, and redundant. Plaintiffs argue that they attempted to keep the cost down by having a law clerk do the yeoman's share of the work. However, employing a law clerk does not negate the fact that almost 48 hours were spent reviewing a one-page document and corresponding legal authority. It is worth noting here that "hours that an attorney would not properly bill to his or client in the private sector cannot properly be billed to the adverse party under a fee-shifting statute such as the FLSA." *Spegan*, 175 F.3d at 552. The court acknowledges that the parties disagree over whether attorneys' fees were included in the Offer of Judgment, and that a considerable number of hours were expended by the parties because of this issue. However, that issue is addressed at a later point in the case and is reflected elsewhere in Plaintiffs' fee petition. Plaintiffs' submission is excessive in light

of the tasks completed during the relevant time frame. The amount of time to receive, review, research, and respond to Defendants' Offer of Judgment could not reasonably have taken more than 6 hours. *DeBartolo*, 2012 WL 205906 at *7 (court reduced amount of time spent on an eight-page motion to four hours). Recognizing the importance of the Offer of Judgment, the court will apply Charles Valente's billing rate of $420 per hour for a fee award of $2,520.

**M. Preparation of Motion to Enter Judgment and Response to Defendants' Objection to Acceptance of Offer of Judgment**

**N. Briefing on the Motion for Entry of Judgment, Plaintiffs' Motion for Instructions, Preparation of Affidavits in Support of Fee Petition, Participation in LR 54.3 Conference**

Plaintiffs seek $8,993.50 in fees for approximately 28 hours of work in drafting their Motion to Enter Judgment. Plaintiffs also seek $19,234.50 for almost 59 hours spent drafting the response in support of the Motion to Enter Judgment, among other tasks. Because Categories M and N both, in major part, relate to hours spent briefing the Motion to Enter Judgment, they will be considered together. The Motion to Enter Judgment contains two prayers for relief: (1) to enter judgment on the $35,000 Offer of Judgment that was accepted by Hausen and Navarra; and (2) to award costs and attorneys' fees for Plaintiffs. As noted, the court ultimately agreed with Plaintiffs and entered judgment in favor of Plaintiffs and also decided that Plaintiffs' attorneys were entitled to costs and fees above the $35,000 award to Hausen and Navarra. [2/19/15 Order, ECF No. 87.] The court stated that the parties must comply with Local Rule 54.3 before it could rule on Plaintiffs' fee petition.

The impetus for the Motion to Enter Judgment was to recover fees on behalf of Plaintiffs' attorneys. Although hours spent on drafting petitions for attorneys' fees are recoverable, they are typically subject to a heightened level of scrutiny. *Blackwell v. Kalinowski*, No. 08 C 7257, 2012 WL 46992, at *10 (N.D. Ill. Feb. 13, 2012) ("Time spent in preparation of a fee petition is

13

compensable so long as the time is not disproportionate to that spent on the merits of the case.")
(quoting *Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *2 (N.D. Ill.
Oct. 31, 2006)). There is no hard and fast rule in assessing a prevailing party's ability to recover
fees expended on preparing a fee petition. The Seventh Circuit has not adopted a bright line test
for what is considered "reasonable" in this context but it has noted that "[o]ne factor we consider
[ ] in determining the reasonableness of those hours [is] the comparison between the hours spent
on the merits and the hours spent on the fee petitions." *Spegan*, 175 F.3d at 554. "The relevant
inquiry with respect to this determination is 'whether the hours claimed to have been expended
on the fee request bear a rational relation to the number of hours spent litigating the merits.'"
*Batt*, 241 F.3d at 894 (quoting *Spegan*, 175 F.3d at 554). Defendants allege that Plaintiffs are
seeking over $28,228 in fees for almost 87 hours of work. This fee is 37.5% of the entire fee
petition and is excessive on its face. *Gibson v. City of Chicago*, 873 F.Supp.2d 975, 992-93
(N.D. Ill. 2012) (finding 20% to be excessive); *see also Ustrak v. Fairman*, 851 F.2d 983, 987-88
(7th Cir. 1988) (finding 25% to be excessive). However, like the Defendants in *Kurgan*, the
Defendants in this case instigated much of work that had to be completed by Plaintiffs in
preparing the Motion to Enter Judgment by objecting to Plaintiffs' acceptance of the Offer of
Judgment. *Kurgan*, 2015 WL 1850599 at *7 ("Notably, much of Plaintiffs' time spent preparing
this fee petition was instigated by Defendants…").

  While the Seventh Circuit has repeatedly frowned up on the fact that "lawyers litigate fee
issues with greater energy and enthusiasm than they litigate any other type of issue," *Spegan*,
175 F.3d at 554 (quoting *Ustrak*, 851 F.2d at 987-88), Defendants are at least partially to blame
for Plaintiffs' large fee request. However, the lion's share of the blame for the excessive fees
rests with Plaintiffs. Although Plaintiffs were forced to litigate whether they were entitled to

fees at all, this alone does not excuse the excessive amount of time spent on the matter. *DeBartolo*, 2012 WL 205906 at *6 (opposing party's obstinance likely increased the number of hours spent to recover attorneys' fees, but did not completely excuse the excessive billing).

Although the court is not required to do a line-by-line examination of Plaintiffs' fees, *Lee v. City of Chicago*, No. 07 C 2035, 2008 WL 5377798, at *2 (N.D. Ill. Dec. 18, 2008), the court finds that many of the entries on the fee petition are excessive. Notably, Plaintiffs spent 22.5 hours researching and drafting their initial brief in support of the Motion to Enter Judgment and supporting affidavits. [Dec. of Charles A. Valente, pp. 19-20, ECF No. 97.] Although the motion itself was only ten pages, the accompanying affidavits in support of the motion totaled approximately twenty-five pages. [Mot. for Entry of Judgement, ECF No. 56.] In addition, Plaintiffs spent 32.9 hours researching and drafting their reply in support of the Motion to Enter Final Judgment and accompanying affidavits. The reply was 16 pages long and the accompanying affidavits totaled 7 pages. [Reply, ECF No. 78; Dec. of Charles A. Valente, ECF No. 70; Dec. of Heather Kuhn O'Toole, ECF No. 71; Dec. of William D. Nagel, ECF No. 72.] The court finds that over 55 hours spent on two briefs is excessive. As a result, the court will reduce the $28,228 in fees sought for time spent on the tasks listed in Categories M and N by 30% and will award Plaintiffs $19,759.60 in fees. This figure reflects approximately 26% of the entire total of fees sought by Plaintiffs in this case. Although some courts have found that fee petitions that exceed 20% of the total fees sought are unreasonable, the court finds that the incorrect legal position taken by Defendants contributed to the high fee petition.

**O. Costs**

In addition to fees, Plaintiffs are also seeking $826.11 in costs. Plaintiffs have properly itemized these costs in their fee petition, and the entries appear to relate to the advancement of

the merits of this matter.  Accordingly, the court finds these costs to be reasonable.  *Kurgan*,

2015 WL 1850599, at \*9.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' petition for attorneys' fees [96] is granted in part

and denied in part.  Plaintiffs are awarded $55,674.70 in fees and $826.11 in expenses for a total

of $56,500.81.


Date:  July 6, 2015                                    _____/s/_____

                                                       Joan B. Gottschall
                                                       United States District Judge

16